Joseph M.R. Covey (7492)
John P. Snow (10735)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
Email: jcovey@parrbrown.com
Email: jsnow@parrbrown.com

*Attorneys for DSC National Properties, LLC.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH (SALT LAKE CITY)

| | |
|---|---|
| In Re:<br><br>ALAN DENOIL JOHNSON and<br>SHELLEY COON JOHNSON,<br><br>Debtors. | Bankruptcy No. 08-28292<br>Chapter 11<br><br>Adversary Proceeding No. _____<br><br>Judge Judith A. Boulden<br><br>[FILED ELECTRONICALLY] |
| DSC NATIONAL PROPERTIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN DENOIL JOHNSON and SHELLEY COON JOHNSON,<br><br>Defendants. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)** |

Plaintiff DSC National Properties, LLC ("DSC"), by and through its undersigned

counsel, complains of debtors and defendants Alan Denoil Johnson and Shelley Coon Johnson

("Defendants") as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  DSC is a Utah limited liability company doing business in Utah.

2.  Defendants are individuals and the debtors in the underlying bankruptcy and reside in Tooele County, Utah.

3.  Defendants commenced the underlying bankruptcy by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 24, 2008 (the "Petition Date").

4.  This action is brought pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523 (a)(2)(B).

5.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§1334 and 157, and DUCivR 83-7.1.

6.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

7.  This Complaint seeking a determination of the dischargeability of debt is an adversary proceeding within the meaning of Rule 7001(6), Bankruptcy Rules of Civil Procedure.

## GENERAL ALLEGATIONS

8.  On or about October 4, 2007, DSC extended a loan to Defendants in the principal amount of $197,731.96 (the "Loan").

9.  On or about October 4, 2007, Defendants entered into a Secured Promissory Note (the "Note"), a copy of which is attached hereto as <u>Exhibit A</u> and by this reference made a part hereof.

10. By the Note, Debtors promised to pay DSC the loaned sum of $197,731.96 on or before November 3, 2007.

11. Pursuant to the Note, Debtors further promised to pay interest on the $197,731.96

2

293074-1

at a rate of sixteen percent per annum, compounded monthly, together with other fees, and attorneys fees and costs.

12. Contemporaneously with the execution of the Note, and in order to secure the Loan, Debtors entered into a Deed of Trust and Assignment of Rents (the "Trust Deed"), a copy of which is attached hereto as <u>Exhibit B</u> and by this reference made a part hereof.

13. Pursuant to the Trust Deed, Defendants pledged to DSC certain real property located in Tooele County, Utah.

14. To further secure the Loan, Defendants, by the Trust Deed, pledged to DSC 10.40 acre feet of Water Right No. 15-408 (the "Water Right").

15. Contemporaneously with the execution of the Note and Trust Deed, Debtors entered into a Security Agreement (the "Security Agreement") with DSC, a copy of which is attached hereto as <u>Exhibit C</u> and by this reference made a part hereof, which Security Agreement makes reference to the pledge of the Water Right as collateral for the Loan.

16. At the time Defendants obtained the Loan and executed the Note, Trust Deed, and Security Agreement, however, Defendants in fact did not own the Water Right.

17. Rather, although Defendants previously owned the Water Right, by the time Defendants negotiated the Loan and pledged the Water Right through the Trust Deed as collateral to secure the Loan, Defendants had already transferred to various third parties all right, title, and interest Defendants had originally owned in the Water Right.

18. Attached hereto as <u>Exhibit D</u> is a report created by Rod Dean of Stewart Water Information dated on or about January 20, 2009 (the "Report").

3

293074-1

19. As indicated in the Report, Defendants originally held a total of 705.4 acre feet of the Water Right.

20. As further indicated in the Report, through a series of transfers made from February of 1998 through January of 2003, Defendants transferred away to third parties a total of 708 acre feet of the Water Right, which totaled more than the 705.4 acre feet that they originally owned.

21. As the Report further shows, after Defendants had transferred away all of their acre feet in the Water Right, Defendants continued to transfer more acre feet of the Water Right, even though they no longer owned any acre feet associated with the Water Right.

22. By the time DSC extended the Loan in October of 2007, therefore, Defendants did not own any acre feet of the Water Right, and had not owned any acre feet in the Water Right for several years.

23. The Debtors defaulted on their obligation to DSC by failing to pay DSC pursuant to the Note.

24. As of the Petition Date, Defendants owed DSC $816,439.35 pursuant to the terms of the Note.

25. Since the Petition Date, the Court granted a motion for relief from stay with respect to certain collateral other than the Water Right that secured the Note.

26. Acting pursuant to the Court's order granting stay relief, DSC obtained and foreclosed on the collateral for which the automatic stay was lifted, obtaining $60,000.00 of proceeds from the foreclosure sale.

293074-1

27. After applying this $60,000.00 toward the amounts owed pursuant to the Note, Defendants owe DSC the amount of $756,439.35, together with interest accruing thereon since the Petition Date at the contractual rate of sixteen percent per annum, compounded monthly, together with other fees as set forth in the Note, and attorneys fees and costs.

### **FIRST CLAIM FOR RELIEF**
### (11 U.S.C. § 523(a)(2)(A))

28. DSC incorporates all prior paragraphs of this Complaint by reference as if fully stated herein.

29. Pursuant to 11 U.S.C. § 523(a)(2)(A), debts for money, property, services, or an extension, renewal, or refinancing of credit are not dischargeable to the extent they were obtained by false pretenses, a false representation, or actual fraud.

30. In connection with the negotiation and extension of the Loan to Defendants, Defendants represented to DSC that Defendants owned the Water Right and that they would pledge the Water Right as collateral for the Loan.

31. At the time they were made, Defendants' representations with respect to its ownership of and ability to pledge the Water Right were false.

32. In fact, Defendants did not own the Water Right at the time the parties negotiated the Loan and at the time Defendants pledged the Water Right to DSC in order to secure the Loan.

33. In extending the Loan, DSC relied upon the representations of Defendants respecting their ownership of the Water Right.

34. DSC would not have extended the Loan but for the representations of Defendants with respect to the Water Right.

35. DSC would not have extended the Loan if DSC had known that Defendants' representations with respect to the Water Right were false.

36. Each of the representations made to DSC or its agents was made with the intent to deceive DSC, so that DSC would, in fact, make a loan which it otherwise would not have done.

37. DSC reasonably relied upon Defendants' representations, without knowledge of their falsity, and in belief that they were accurate.

38. The representations associated with the Water Right set forth herein were material in that DSC would not have given the Loan had it been aware of the fact that the representations were false.

39. By virtue of DSC's reasonable reliance on Defendants' false representations, DSC has been damaged in an amount to be proven at trial not less than $816,439.35 as of the Petition Date, and is entitled to judgment in the amount of $756,439.35, together with interest accruding thereon since the Petition Date at the contractual rate of sixteen percent per annum, compounded monthly, together with other fees as set forth in the Note, and attorneys fees and costs.

40. DSC is further entitled to an order determining that such judgment is nondischargeable.

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(2)(B))

41. DSC incorporates all prior paragraphs of this Complaint by reference as if fully stated herein.

42. Pursuant to 11 U.S.C. § 523(a)(2)(B), debts for money, property, services, or an extension, renewal, or refinancing of credit are not dischargeable to the extent they were obtained by use of a statement in writing that is materially false respecting the debtor's or an

6

insider's financial condition, on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied and that the debtor caused to be made or published with intent to deceive.

43. As set forth above, Defendants obtained the Loan from DSC by use of the written Trust Deed and Security Agreement, which set forth Defendants' pledge of the Water Right to secure the Loan.

44. At the time DSC extended the Loan and Defendants executed the Trust Deed and Security Agreement, Defendants' representations with respect to their financial condition were false, as Defendants in fact did not own the Water Right they were pledging to secure the Loan.

45. DSC reasonably relied on the representations in the Trust Deed and Security Agreement with respect to the Water Right in extending the Loan to Defendants, which Trust Deed and Security Agreement Defendants caused to be made or published with the intent to deceive.

46. By virtue of DSC's reasonable reliance on Defendants' false representations, DSC has been damaged in an amount to be proven at trial not less than $816,439.35 as of the Petition Date, and is entitled to judgment in the amount of $756,439.35, together with interest accruing thereon since the Petition Date at the contractual rate of sixteen percent per annum, compounded monthly, together with other fees as set forth in the Note, and attorneys fees and costs.

47. DSC is further entitled to an order determining that such judgment is nondischargeable.

293074-1

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

48. DSC incorporates all prior paragraphs of this Complaint by reference as if fully stated herein.

49. Defendants freely and voluntarily executed the Note.

50. DSC has performed all of its obligations associated with the Note.

51. In failing to pay moneys owed to DSC, Defendants have breached the Note and remain in breach of the Note.

52. Defendants' breach of the Note has damaged DSC in an amount to be proven at trial not less than $756,439.35, together with interest accruing thereon since the Petition Date at the contractual rate of sixteen percent per annum, compounded monthly, together with other fees as set forth in the Note, and attorneys fees and costs.

WHEREFORE, DSC prays for relief against Defendants as follows:

A. Under the First Claim for Relief, for judgment against Defendants, jointly and severally, in an amount to be proven at trial not less than $756,439.35 as of the Petition Date, together with interest accruing thereon since that time at the contractual rate of sixteen percent per annum, compounded monthly, together with other fees as set forth in the Note, and attorneys fees and costs;

B. Under the Second Claim for Relief, for judgment against Defendants, jointly and severally, in an amount to be proven at trial not less than $756,439.35 as of the Petition Date, together with interest accruing thereon since that time at the contractual rate of sixteen percent per annum, compounded monthly, together with other fees as set forth in the Note, and attorneys fees and costs;

293074-1

C. Under the Third Claim for Relief, for judgment against Defendants, jointly and severally, in an amount to be proven at trial not less than $756,439.35, together with interest accruing thereon since the time of the Petition Date at the contractual rate of sixteen percent per annum, compounded monthly, together with other fees as set forth in the Note, and attorneys fees and costs;

D. For judgment against Defendants declaring that Defendants' obligation to repay the Loan to DSC be declared nondischargeable in this bankruptcy and any future bankruptcy Defendants; and

E. For such other and further relief as the Court deems just and proper.

DATED this 29th day of May, 2009.

>                     PARR BROWN GEE & LOVELESS
>
>
>                     /s/ John P. Snow
>                     Joseph M.R. Covey
>                     John P. Snow
>                     Attorneys for DSC National Properties, LLC

293074-1